IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| LISA LUSHER,<br>Plaintiff,<br><br>v.<br><br>MIDDLE PENINSULA REGIONAL JAIL AUTHORITY, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25CV906 (RCY) |

**MEMORANDUM OPINION**

This is a civil rights and tort action brough by Plaintiff Lisa Lusher ("Plaintiff"), wherein Plaintiff alleges that Defendants violated her Eighth Amendment right to be free from deliberate indifference to known substantial risks of serious harm, in violation of 42 U.S.C. § 1983, and committed related state-law torts including negligence, gross negligence, negligence per se, and willful and wanton conduct. Plaintiff's claims arise from injuries she sustained when the Middle Peninsula Regional Security Center transport van in which she rode without a seatbelt maneuvered to avoid a collision with another vehicle. This case is before the Court on a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of all Counts in the Amended Complaint, brought by Defendants Middle Peninsula Regional Jail Authority a/k/a Middle Peninsula Regional Security Center, Cheryl Gentry, and AA Croxton (collectively "Defendants"). Also before the Court is Plaintiff's Motion for Leave to Amend and File Second Amended Complaint ("Motion for Leave"), Defendants' Motion to Dismiss the Second Amended Complaint, and Defendants' Motion to Strike the Second Amended Complaint ("Motion to Strike").

These motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral

argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny Plaintiff's Motion for Leave, grant Defendants' Motion to Dismiss the Amended Complaint, and deny Defendant's Motion to Dismiss the Second Amended Complaint and Defendants' Motion to Strike as moot.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed her original Complaint alleging only state-law claims against Defendants[1] in the Circuit Court for the City Richmond on November 4, 2024. Compl., ECF No. 1-1. On July 31, 2025, Defendants filed a plea in bar, citing the statute of limitations and sovereign immunity. ECF No. 1-4. On October 3, 2025, the Richmond City Circuit Court granted Plaintiff's Motion Seeking Leave to File an Amended Complaint, over Defendants' opposition. ECF No. 1-10. On October 24, 2025, Defendants filed an answer, a demurrer, and a plea in bar in response to Plaintiff's Amended Complaint. ECF Nos. 1-12, 1-13. On October 31, 2025, Defendants removed the case to federal court. Not. Removal, ECF No. 1.

After removal, the Court ordered Defendants to convert their pending demurrer and plea in bar into responsive pleadings cognizable in federal court or file an answer to the Amended Complaint. ECF No. 4. On November 7, 2025, Defendants filed their Motion to Dismiss the Amended Complaint for Failure to State a Claim. Mot. Dismiss Am. Compl., ECF No. 5. On November 20, 2025, Plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss, ECF No. 8. On November 26, 2025, Defendants filed their Reply to Response to the Motion to Dismiss, ECF No. 12. Thus, Defendants' Motion to Dismiss the Amended Complaint is ripe.

[1] The Complaint, Amended Complaint, and Second Amended Complaint named "John Doe, an unknown motorist" as a defendant, however the Parties voluntarily dismissed this defendant on January 20, 2026. *See* ECF No. 26. When using the term "Defendants," the Court is referring to the remaining named Defendants.

Without leave of Court or the consent of Defendants, Plaintiff filed a Second Amended Complaint on November 25, 2025. Second Am. Compl., ECF No. 11. On December 9, 2025, Defendants filed both their Motion to Dismiss the Second Amended Complaint and their Brief in Support, Mot. Dismiss Second Am. Compl., ECF No. 15; Br. Supp. Mot. Dismiss, ECF No. 16, and their Motion to Strike the Second Amended Complaint, again with a Brief in Support, Mot. Strike, ECF No. 17; Br. Supp. Mot. Strike, ECF No. 18. On December 22, 2025, Plaintiff filed her Memorandum in Opposition to Defendants' Motion to Strike, Mem. Opp'n Mot. Strike, ECF No. 19, as well as a belated Motion for Leave to Amend and File Second Amended Complaint, Mot. Leave, ECF No. 20. The next day, December 23, 2025, she filed her Memorandum in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint on December 23, 2025, Mem. Opp'n, ECF No. 21. On December 29, 2025, Defendants filed their Reply Brief in Support of the Motion to Dismiss the Second Amended Complaint, Reply Supp. Mot. Dismiss, ECF No. 22, as well as their Reply related to the Motion to Strike, Reply. Supp. Mot. Strike, ECF No. 23. Thus, both of Defendant's Motions challenging the Second Amended Complaint are ripe for review.

On January 5, 2026, Defendants filed their Response in Opposition to Plaintiff's Motion for Leave. Resp. Opp'n Mot. Leave, ECF No. 24. On January 12, 2026, Plaintiff filed her Reply in Support. Pl.'s Reply, ECF No. 25. Thus, and finally, Plaintiff's Motion for Leave is ripe for review.

## II. RELEVANT FACTUAL ALLEGATIONS[2]

On January 18, 2023, Plaintiff was a prisoner and passenger in a transport van driven by Defendant Croxton, and Defendant Gentry assisted with Plaintiff's transport. Am. Compl. ¶¶ 9–

[2] For the reasons discussed *infra*, the operative complaint in this matter is Plaintiff's Amended Complaint, ECF No. 1-6, and the facts alleged in the Amended Complaint are included in this section.

12, ECF No. 1-6. Both Croxton and Gentry were correctional officers at the Middle Peninsula Regional Security Center ("Middle Peninsula"). *Id*. Defendants Croxton and Gentry did not apply Plaintiff's seat belt, despite Plaintiff's requests and inability to apply it herself. *Id*. ¶¶ 16–19.

While driving on Route 360, a vehicle pulled out onto the road directly in front of the transport van, requiring Defendant Croxton to forcefully apply the brakes to avoid a collision. *Id*. ¶¶ 23–24. As a result of the sudden braking, Plaintiff was launched from her seat and struck her face and knee on the wall and floor of the van. *Id*. ¶ 24. Defendants Croxton and Gentry heard Plaintiff hit the wall and floor and asked her whether she was hurt, to which Plaintiff responded in the affirmative. *Id*. ¶¶ 25–26. After assessing her injuries and discussing the situation with a supervisor, Defendants Croxton and Gentry took Plaintiff to a nearby urgent care facility. *Id*. ¶¶ 29–30.

At the urgent care facility, staff informed Plaintiff that she could not be treated since she was a prisoner, and Defendants Croxton and Gentry transported Plaintiff to Bon Secours Memorial Regional Medical Center in Mechanicsville, Virginia for treatment. *Id*. ¶¶ 32–35. There, Plaintiff underwent surgery to repair her fractured knee and was subsequently released from the hospital. *Id*. ¶¶ 37–39.

## III. STANDARD OF REVIEW

### A. Leave to File Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). Amendments are considered futile when "the

proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citations omitted).

**B. Failure to State a Claim**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic

recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* At the motion to dismiss stage, the Court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and whose authenticity is unchallenged, and matters of public record subject to judicial notice. *Id.*

## IV. ANALYSIS

### A. Motion for Leave and Motion to Strike

The Court will first discuss Plaintiff's Motion for Leave and Defendants' Motion to Strike to determine which is the operative complaint in this matter. Regarding Plaintiff's Motion for Leave, the Court acknowledges that generally, leave should be freely given; however, the Court may deny such requests when the proposed amendment is futile. *See Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

The Court finds that Plaintiff's Second Amended Complaint is futile and would not survive a motion to dismiss. The proposed Second Amended Complaint includes the same claims as the Amended Complaint, with the exception that the Second Amended Complaint adds a § 1983 *Monell* claim against Defendant Middle Peninsula in Count Seven.[3] The Second Amended

[3] Additionally, the Amended Complaint, ECF No. 1-6, includes § 1983 claims against Defendants Croxton and Gentry in one count, Count Five, whereas the Second Amended Complaint, ECF No. 11, includes the same claims, but separates them into separate counts against each individual defendant, Counts Five and Six.

Complaint also includes more detailed factual allegations than those presented in the Amended Complaint; however, these additional factual allegations do not save the Second Amended Complaint from dismissal. *See infra* Section IV.B. The Second Amended Complaint's similar claims, Counts One through Six, and the additional claim, Count Seven, would not survive a motion to dismiss. *Id*. Thus, the Court finds that Plaintiff's proposed Second Amended Complaint is futile and Plaintiff should not be granted leave to amend her complaint.

Therefore, the Court will deny Plaintiff's Motion to Amend, deny as moot Defendants' Motion to Dismiss the Second Amended Complaint, and further deny as moot Defendants' Motion to Strike. Accordingly, the operative complaint in this matter is the Amended Complaint, ECF No. 1-6.

**B. Defendants' Motion to Dismiss the Amended Complaint**

Having determined that the Amended Complaint, ECF No. 1-6, is the operative complaint, the Court now turns to Defendants' Motion to Dismiss the Amended Complaint.

1. Counts One, Two, and Three are Barred by the Applicable Statute of Limitations

Plaintiff alleges in Count One that Defendant Gentry is liable for negligence, gross negligence, negligence per se, and willful and wanton conduct. Am. Compl. ¶¶ 44–47, ECF No. 1-6. Plaintiff alleges in Count Two that Defendant Croxton is liable for negligence, gross negligence, negligence per se, and willful and wanton conduct. *Id*. ¶¶ 48–52. In Count Three, Plaintiff alleges that Defendant Middle Peninsula is liable under respondeat superior. *Id*. ¶¶ 53–60. Defendants argue that these claims are barred by the statute of limitations set forth in Virginia Code § 8.01-243.2. Defs.' Br. Supp at 4, ECF No. 16. The Court is persuaded by Defendants' arguments.

Plaintiff was injured during transport on January 18, 2023. Am. Compl. ¶ 9, ECF No. 1-6. Plaintiff filed her original complaint on November 4, 2024. Compl., ECF No. 1-1. Virginia

Code § 8.01-243.2 provides that,

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

If the limitations period set forth in Va. Code § 8.01-243.2 applies to Plaintiff's state claims, Counts One, Two, and Three would be barred given that Plaintiff filed her original complaint more than one year after the date of the incident.

*a. Plaintiff was "Confined" and Her Claims "Relat[e] to the Conditions of [Her] Confinement"*

Section 8.01-243.2 only applies to an "confined" individual who brings a personal action "relating to the conditions of [her] confinement." Defendants argue that Plaintiff was in Middle Peninsula's custody while jail employees transported her on January 18, 2023, and that Plaintiff is challenging a condition of her confinement, thus rendering § 8.01-243.2 applicable with regard to these factors. Defs.' Br. Supp at 4, ECF No. 6. Plaintiff does not dispute that she was confined or that she challenges the conditions of her confinement. Pl.'s Opp'n at 3, ECF No. 8. Accordingly, the Court finds that Va. Code § 8.01-243.2 is applicable insofar as Plaintiff was "confined" and now challenges "the conditions of [her] confinement." *See Marlowe v. Sw. Virginia Reg'l Jail Auth.*, 81 Va. App. 415, 431 (2024) (finding that the plaintiff was confined and challenging the conditions of his confinement via claims arising from when the plaintiff was transported to a regional jail).

*b. Plaintiff was Confined in a "State or Local Correctional Facility"*

Section 8.01-243.2 only applies to persons confined to a "state or local correctional facility." Plaintiff argues that this code provision is inapplicable since Middle Peninsula is neither

a state nor a local correctional facility. Pl.'s Opp'n at 3, ECF No. 8. Defendants argue that despite its name as a regional jail authority, Middle Peninsula is considered a "state or local correctional facility" for purposes of Va. Code § 8.01-243.2. Defs.' Reply at 3–4, ECF No. 12. The Court is persuaded by Defendants' arguments.

While titled a "regional jail authority" or a "regional jail security center," Middle Peninsula is considered a "local correctional" facility for purposes of Va. Code § 8.01-243.2. Virginia Code defines a "local correctional facility" as "any jail, jail farm or other place used for the detention or incarceration of adult offenders, excluding a lock-up, which is owned, maintained, or operated by any political subdivision or combination of political subdivisions of the Commonwealth." Va. Code § 53.1-1. Furthermore, the Supreme Court of Virginia had no issue finding that Middle Peninsula qualified as a "state or local correctional facility" for purposes of Va. Code § 8.01-243.2. *See Bing v. Haywood*, 283 Va. 381, 387 (2012) ("The [Middle Peninsula] Security Center is clearly such a facility, and it was there that [plaintiff] was clearly confined.").

The Court finds that the limitations period imposed by Va. Code § 8.01-243.2 is applicable in this situation since Plaintiff was confined to a state or local correctional facility and brings claims related to the conditions of her confinement. Given that Plaintiff's injury occurred on January 18, 2023, and more than one year later she filed suit, Counts One, Two, and Three are untimely.[4] Additionally, Plaintiff's Second Amended Complaint is futile as there are no facts or amendments Plaintiff could make to survive dismissal with respect to Counts One, Two, and

[4] Plaintiff does not mention whether or when she exhausted her administrative remedies as required under Va. Code § 8.01-243.2, and Defendants do not argue that Plaintiff failed to exhaust her administrative remedies. Accordingly, barring any indication that Plaintiff's administrative exhaustion timeline would be the "later" and thus controlling measurement for the statute of limitations analysis, the Court analyzes the timeliness of Plaintiff's state law claims with regard to the standard one-year statute of limitations, only.

Three. Accordingly, the Court dismisses these Counts as they are barred by the statute of limitations imposed by Va. Code § 8.01-243.2.

2. Count Four is Dismissed

In Count Four, Plaintiff alleges that Defendant John Doe is liable for negligence and negligence per se. Am. Compl. 10, ECF No. 1-6. Defendant John Doe was dismissed from this action after the parties filed a joint stipulation of dismissal with prejudice. Therefore, the Court dismisses Count Four of Plaintiff's Amended Complaint.

3. Count Five Fails to Allege Sufficient Facts to State a Cause of Action

Plaintiff alleges in Count Five that Defendants Gentry and Croxton are liable for Eighth Amendment violations under 42 U.S.C. § 1983 for acting with deliberate indifference to a substantial risk of serious harm. Am. Compl. ¶¶ 66–70, ECF No. 1-6.

Defendants argue that the Court should dismiss Count Five because (1) the claims are barred by the statute of limitations; (2) the claims fail to allege sufficient facts to state a cause of action for a violation of Plaintiff's Eighth Amendment rights; and (3) Defendants Croxton and Gentry are entitled to qualified immunity. Defs.' Br. Supp. at 6–11, ECF No. 6. The Court is persuaded by Defendants' second and third arguments.[5]

---

[5] Defendants argue that the § 1983 claims are barred by the applicable statute of limitations since Plaintiff cannot show her amended pleading relates back to her original complaint based on the requirements of Va. Code § 8.01-6.1, specifically that Plaintiff cannot show she "was reasonably diligent in asserting the amended claim or defense." Defs.' Br. Supp. at 7, ECF No. 6. Plaintiff argues that the § 1983 claims relate back to those in the original complaint based on the federal standard that does not require a showing of reasonable diligence. Pl. Opp'n at 11, ECF No. 21.

The Court acknowledges there is support for both arguments. *See Ballard v. Bed Bath & Beyond, Inc.*, 2018 WL 2108024, at *5–6 (E.D. Va. May 7, 2018) (applying Va. Code § 8.01-6.1 to determine if plaintiff's claim relates back to her initial complaint filed in state court since Fed. R. Civ. P. 81(c) provides that the federal rules apply to civil actions removed and governs *after* removal); *but see Neale v. Liberty Mut. Ins. Co.*, 2020 WL 7407468, at *2 (W.D. Va. Dec. 17, 2020) ("If applying relation back principles under [Fed. R. Civ. P.] 15(c) results in a more lenient outcome, or yields the same result, compared to Virginia state law, the Court's determination is straightforward, and it simply applies Rule 15(c). If the federal rule is more restrictive than the Virginia rule, the Court should apply the more forgiving principle of relation back." (citation omitted)).

Ultimately, the Court determines that the § 1983 claims contained in Count Five (Am. Compl.) and Counts Five, Six, and Seven (Second Am. Compl.) relate back to Plaintiff's original complaint under the more lenient Rule

*a. Plaintiff Fails to State a Claim for an Eighth Amendment Violation*

"To allege an Eighth Amendment claim, an inmate must allege facts showing: (1) objectively that the deprivation suffered or harm inflicted was sufficiently serious, to the inmate; and (2) subjectively that the prison officials acted with a sufficiently culpable state of mind." *Brown v. Walton*, 2018 WL 3946534, at *3 (E.D. Va. Aug. 16, 2018) (citing *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quotations omitted). "The subjective facet of the test requires the plaintiff to allege facts showing that a particular defendant acted with deliberate indifference," and this is "a very high standard—a showing of mere negligence will not meet it." *Id*. (quotations omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).

Plaintiff's claims fail to plausibly suggest that Defendants Croxton and Gentry violated her Eighth Amendment rights, specifically with regard to the subjective requirement. Plaintiff's claims center on the following facts: she requested a seat belt multiple times; Defendants did not provide Plaintiff with a seat belt; and Defendant Croxton was driving too fast. However, these facts do not surpass the very high standard required to show Defendants acted with deliberate indifference. Other courts have held that failure to provide seatbelts to an inmate is not an Eighth Amendment violation. *See, e.g.*, *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 643 (10th Cir. 2004) ("As praiseworthy as buckling up may be, we hold that failure to seatbelt an inmate does not violate the Constitution."). Furthermore, other courts have held that even when combined with negligent driving, failing to provide seatbelts to inmates still does not violate the Constitution. *See, e.g.*,

15(c) standard and the Court will decide the motion to dismiss on the merits. *See* 6A Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1503 (3d ed. 2026 Update) ("T]here are strong federal interests encouraging the application of Rule 15(c), even at the expense of state relation-back law. For example, using the federal rule maintains the uniformity of practice in the federal courts and furthers the goal of deciding cases on their merits, rather than on the basis of procedural errors or the technical expiration of the applicable limitations period.").

*Vinson v. U.S. Marshals Serv.*, 2011 WL 3903199, at *5 (D.S.C. Sept. 2, 2011) (finding that this conclusion "has been extended to cases where the failure to seatbelt the prisoners is combined with speeding or reckless driving") (citations omitted), *aff'd,* 459 F. App'x 221 (4th Cir. 2011).

The allegations added by Plaintiff's Second Amended Complaint regarding the § 1983 violations against Defendants Croxton and Gentry do not move the needle and are futile. At most, Plaintiff alleges Defendants Gentry and Croxton were negligent in their behavior, but that fails to rise to the level of a constitutional violation. In this type of situation, absent allegations that "an officer acted with a malicious intent to punish," which may support an inmate's "claim of excessive force," a claim of negligence is insufficient. *Brown*, 2018 WL 3946534, at *3 (citing *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 103 (4th Cir. 2017)).

*b. Defendant Croxton and Gentry are Entitled to Qualified Immunity*

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Atkinson v. Godfrey*, 100 F.4th 498, 504 (4th Cir. 2024) (quoting *Reiche v. Howards*, 566 U.S. 658, 664 (2012)). There is a two-step inquiry, and courts must determine (in whichever order facilitates a fair and efficient disposition of the case), (1) whether a constitutional violation occurred; and (2) whether the right was clearly established at the time of the challenged conduct. *Id*. (citations omitted). Having determined that Plaintiff's claims in her Amended Complaint (and Second Amended Complaint) fail to plausibly state a claim for an Eighth Amendment violation, the Court need not proceed further in this analysis as Defendants Croxton and Gentry are entitled to qualified immunity.

However, assuming *arguendo* that Defendants Croxton and Gentry violated Plaintiff's constitutional rights, Defendants Croxton and Gentry are still entitled to qualified immunity because the law was not clearly established at the time of the challenged conduct. Plaintiff's

reliance on *Thompson* as clearly establishing the law is misplaced, as the facts in *Thompson* are distinguishable from the facts here. In *Thompson*, unlike this case, prison officials transported the plaintiff without a seatbelt and intentionally drove erratically in order to provide the plaintiff with a "rough ride" and cause injuries. *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 99 (4th Cir. 2017). However, in this case, Plaintiff's allegations do not sufficiently compare to those in *Thompson* for *Thompson* to operate as clearly establishing the law. Here, Plaintiff's allegations acknowledge that a vehicle pulled out "directly in front of" the transport van, causing Defendant Croxton to slam on the brakes "in order to avoid the collision." Am. Compl. ¶¶ 24–24, ECF No. 1-6. The Second Amended Complaint adds allegations that Defendant Croxton was "driving at a speed and in a manner that made it impossible for her to avoid a collision or quickly react when the . . . vehicle turned in front of her." Second Am. Compl ¶ 105, ECF No. 11. However, this allegation only shows that Defendant Croxton was, at worst, negligent.

Furthermore, the court in *Thompson* noted the distinction between cases involving allegations of negligent behavior and a lack of seat belts (no constitutional violations) and those involving allegations of intentional misconduct or drivers who intend to scare or harm an inmate through reckless driving (constitutional violations). *See Thompson*, 878 F.3d at 105 (collecting cases). Given the requirement that clearly established law cannot be defined generally and must be particularized to the facts of the case, *see Safar v. Tingle*, 859 F.3d 241, 246 (4th Cir. 2017), *Thompson* cannot serve to clearly establish the law given the important factual distinctions examined above. Additionally, the number of cases in which courts failed to find constitutional violations involving allegations of negligent driving combined with failure to apply seatbelts supports Defendants' arguments that the law was anything but clearly established. *See id.* ("[E]xisting precedent must have placed the statutory or constitutional question beyond debate." (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011))).

For the above reasons, the Court finds that Count Five fails to allege sufficient facts to plausibly allege a constitutional violation and should, therefore, be dismissed.

4. Count Seven Fails to Allege Sufficient Facts to State a Cause of Action

Finally, the Court addresses Count Seven in Plaintiff's proposed Second Amended Complaint, which alleges § 1983 *Monell* claims against Middle Peninsula stemming from "the uniform failure to secure any prisoner with available seatbelts on [the date of the incident]" that "constitute[s] the Jail Authorities' de facto policy." Second Am. Compl. ¶ 119, ECF No. 11. Defendants argue that this amendment is futile and cannot survive a motion to dismiss because the claim is (1) barred by the statute of limitations, and (2) fails to state a claim for an Eighth Amendment violation. Defs.' Br. Supp. at 13–14, ECF No. 16. The Court is persuaded by Defendants' second argument.[6]

Municipal liability under 42 U.S.C. § 1983 is only established "in cases where the municipality causes the deprivation 'through an official policy or custom.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). However, in the absence of an underlying constitutional violation, there can be no § 1983 liability against the municipality. *See Waybright v. Frederick Cnty.*, 528 F.3d 199, 203 (4th Cir. 2008) ("The § 1983 claim against [the individual defendants] is the gateway to all the other § 1983 claims, for supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting *City of Los Angeles v. Heller*, 475 U.S. 799 (1986)); *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) ("As there are no underlying constitutional violations by any individual, there can be no municipal liability.") (citing *Heller*, 475 U.S. at 799).

[6] For the same reasons discussed in Section IV.B, the Court finds that Count VII is not barred by the statute of limitations. *See supra* note 4 and accompanying text.

Having found no plausibly alleged underlying constitutional violation by Defendants Croxton and Gentry, *see supra* Section IV.B.3, there can be no § 1983 liability against Middle Peninsula. Therefore, Count Seven is futile and would not survive a motion to dismiss.

**V. CONCLUSION**

For the reasons described herein, the Court denies Plaintiff's Motion for Leave, denies as moot Defendants' Defendants' Motion to Strike and Motion to Dismiss the Second Amended Complaint, and grants Defendants' Motion to Dismiss the Amended Complaint. The action will accordingly be dismissed. An appropriate order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 21, 2026
Richmond, Virginia